**TABET | DiVITO | ROTHSTEIN**

MEMO ENDORSED

Tabet DiVito & Rothstein LLC
The Rookery Building
209 S. LaSalle St., 7th floor
Chicago, Illinois 60604
312-762-9450 Telephone
312-762-9451 Facsimile
www.tdrlawfirm.com

Writer's direct dial:
(312) 762-9458

Writer's email:
cliguori@tdrlawfirm.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-28-13

March 22, 2013

*Via Facsimile*
212.805.7949

Honorable P. Kevin Castel
U.S. District Court for the
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *GlaxoSmithKline Biologicals, S.A. v. Hospira Worldwide, Inc. and Hospira, Inc.*, No. 13-CV-1395 (Southern District of New York)

Dear Judge Castel:

We represent defendants Hospira Worldwide, Inc. and Hospira, Inc. in connection with the above-referenced matter. We submit this letter in accordance with this Court's Individual Practices concerning pre-motion conferences for non-discovery motions in civil cases. For the reasons set forth below, defendants intend to file a combined motion to transfer this action to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a), or, in the alternative, to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b).

**Motion to Transfer**

This lawsuit – which stems from a Toll Manufacturing Agreement ("Agreement") between Hospira Worldwide and GlaxoSmithKline Biologicals, S.A. ("GSK") for the manufacture of flu vaccine in the United States – should be transferred because it has no meaningful connection to the Southern District of New York. None of the parties reside in New York – Plaintiff GSK is a Belgium-based company and Defendants are Delaware companies headquartered in Lake Forest, Illinois. None of the potential witnesses live in the New York area. None of the potentially relevant documents are located here. And, none of the operative facts alleged in the Complaint occurred in this District. Rather, the only connection that this action has to this forum is that the Agreement specifies that New York law governs this dispute.

[Handwritten memo endorsement:] Premotion conference is waived provided the motion is filed by April 12. Attention should be given to specific identifiable non-party witnesses who would or would not be within the subpoena power of the transferor/transferee courts. Response due April 26. Reply due May 10.

SO ORDERED
[signature]
USDJ
3-27-13

**TABET | DIVITO | ROTHSTEIN**

Hon. P. Kevin Castel
March 22, 2013
Page 2

In contrast to the Southern District of New York, the forum that is most closely connected to the parties, the witnesses, the documents, and the relevant events is the Northern District of Illinois, the forum to which transfer is sought. Hospira, Inc. and Hospira Worldwide are headquartered in Illinois. The vast majority of their current and former employees responsible for the oversight and administration of the Agreement reside in the Chicago area. The vast majority of the potentially relevant documents in defendants' possession are located in Illinois. And, the events that are at the heart of the Complaint – the locus of operative facts – occurred in Illinois or, to a lesser extent, McPherson, Kansas, where Hospira Worldwide intended to actually make the vaccine product.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C § 1404(a). In order for an action to be transferred pursuant to Section 1404(a), the moving party must establish two things: (1) that venue is proper in the transferee court; and (2) that the "convenience of the parties and witnesses" and the "interest of justice" would be served by the transfer. 28 U.S.C § 1404(a). All of the relevant considerations – with perhaps the convenience of the witnesses being the most important factor – strongly support transfer of this action to the Northern District of Illinois. *See Nat'l Union Fire Ins. Co. of Pittsburg, PA v. St. Paul Fire and Marine Ins. Co.*, 2012 U.S. Dist. LEXIS 70206, at *6 (S.D.N.Y. May 11, 2012 (Castel, J.) ("The convenience of witnesses is 'typically the most important factor' on a motion to transfer.").

*First*, a threshold question under Section 1404(a) is whether the action "might have been brought" in the proposed transferee forum. *See* 28 U.S.C § 1404(a). Here, venue is proper in the Northern District of Illinois under Section 1391(b)(1) because defendants "reside" in that district for purposes of Section 1391(c)(2). Venue is also proper in the Northern District of Illinois pursuant to Section 1391(b)(2) because that is where "a substantial part of the events or omissions giving rise to the [Plaintiff's] claim[s] occurred." *See Nat'l Union*, 2012 U.S. Dist. LEXIS 70206, at *6.

*Second*, transfer would promote "the convenience of the parties and witnesses" and "the interest of justice." *See* 28 U.S.C § 1404(a); *Nat'l Union*, 2012 U.S. Dist. LEXIS 70206, at **6-16.

- *The Parties' Potential Employee Witnesses.* Illinois is more convenient for defendants' current employees who are likely witnesses because the vast majority of them live in the Chicago area and none of them live or work in the New York area. To the extent any of defendants' Kansas-based employees are potential witnesses, the Northern District of Illinois is also more

**TABET | DIVITO | ROTHSTEIN**

Hon. P. Kevin Castel
March 22, 2013
Page 3

convenient for them because Chicago is substantially closer than New York and, unlike to New York, there are direct flights from Wichita to Chicago O'Hare Airport. As for GSK's potential employee witnesses, they predominantly live in Belgium and Chicago is at least as convenient for them as this forum. Indeed, there are direct flights from Brussels to Chicago and the travel time between Brussels-Chicago and Brussels-New York is about the same.

- *The Non-Party/Former Employee Witnesses.* As for the likely non-party witnesses, the Northern District of Illinois is the more convenient forum for them as well. Defendants presently anticipate that this group of witnesses largely consists of defendants' former employees who at some time worked on the vaccine project. These former employees reside and/or work in the Chicago area and none of them live in the New York area. Moreover, because they are within the subpoena power of the District Court in Illinois, they can be compelled to appear at a trial in Chicago, which is far more preferable than having them appear by videotaped deposition if the trial were to be conducted in New York.

- *The Interests of Justice.* The interests of justice also favor transfer, as the locus of operative facts largely occurred in the Northern District of Illinois. *See Morris v. Ernst & Young U.S., LLP*, 2012 U.S. Dist. LEXIS 129414, at *14 (S.D.N.Y. Sept. 11, 2012) (courts routinely transfer actions where the operative facts occurred in the proposed transferee forum). Illinois is where Hospira Worldwide negotiated and signed the original Agreement, negotiated the transition from trivalent (TIV) to quadrivalent (QIV) flu vaccines, administered the Agreement, made all major decisions concerning the Agreement, and largely communicated with GSK regarding the Agreement. Illinois is also where most of defendants' documents are located. In contrast, not one event, and not one document, occurred in, or is located in, New York.

*Third*, GSK's choice of forum and the Agreement's governing law provision are entitled to little or no deference and thus do not provide a reason to deny defendants' transfer request. As to the former, GSK's choice of forum is a non-factor because GSK does not reside in this District and the operative facts did not occur here. *See Simpson v. Rodas*, 2012 U.S. Dist. LEXIS 136484, at *30 (S.D.N.Y Sept. 21, 2012) ("Where, as here, the operative facts that remain in the case 'have few meaningful connections to Plaintiff's chosen forum, the importance of Plaintiff's choice measurably diminishes.'") (citation omitted); *Emblaze Ltd. v. Apple, Inc.*, 2011 U.S. Dist. LEXIS 21082, at *5 (S.D.N.Y. Feb. 24, 1011) (Castel, J.) (stating that "it is generally less likely that [plaintiff's choice of forum] was made for convenience when, as here, a foreign plaintiff chooses a forum in the United States."). As to the latter, the selection of New York law

**TABET | DIVITO | ROTHSTEIN**

Hon. P. Kevin Castel
March 22, 2013
Page 4

is of no real significance to the transfer analysis because "federal courts are deemed capable of applying the substantive laws of other states." *See Kwik Goal, Ltd. v. Youth Sports Publ'g Inc.*, 2006 U.S. Dist. LEXIS 34460, at *13 (S.D.N.Y. May 31, 2006). This is particularly true in a case like this one where the gist of the dispute is a breach of contract claim that does not involve highly specialized areas of New York law.

### Motion to Dismiss

In the event that the Court were to deny defendants' transfer request, it should dismiss all of the claims asserted against Hospira, Inc. (Counts I-III) and dismiss Counts II and III as they relate to Hospira Worldwide.

*Hospira, Inc.*: The claims against Hospira, Inc. should be dismissed because it was not a party to the Agreement upon which GSK premises this lawsuit. Rather, the Agreement was strictly between GSK and Hospira Inc.'s wholly-owned subsidiary, Hospira Worldwide. It is axiomatic that a non-signatory to a contract cannot be sued for breach of contract or for quasi-contractual claims such as promissory estoppel, quantum meruit or unjust enrichment. *See Prescient Acquisition Group, Inc. v. MJ Publ'g Trust*, No. 05 Civ. 6298(PKC), 2006 WL 2136293, at *4 (S.D.N.Y. July 31, 2006) (Castel, J.) (dismissing breach of contract claim against non-signatory to contract); *Network Enters., Inc. v. Realty Racing, Inc.*, No. 09 Civ 4664(RJS), 2010 WL 3529236, at *7 (S.D.N.Y. Aug. 24, 2010) (stating that "the existence of a valid and binding contract governing the subject matter at issue in a particular case acts to preclude a claim for unjust enrichment even against a third party non-signatory to the agreement.") (citation omitted).

Nor can Hospira, Inc. be liable under some type of alter ego theory, as GSK has utterly failed to plead the elements necessary to pierce the corporate veil. (*See, e.g., Compl.* at ¶ 11.) It is a general principle of corporate law that a parent corporation is not liable for the acts of its subsidiaries. As such, a court may pierce the corporate veil only in exceptional circumstances, where: (1) a corporate parent exercises complete domination and control over a subsidiary; (2) the parent does so in order to perpetrate a "fraud or something like it" upon the party seeking to pierce the veil; and (3) the fraud or similar wrong causes injury. *See Prescient Acquisition Group, Inc.*, 2006 WL 213293, at *4; *see also MAG Portfolio Consult, GMBH v. Merlin Biomed Grp. LLC*, 268 F. 3d 58, 63-64 (2d Cir. 2001). Here, not only does GSK fail to properly plead the domination element for veil-piercing, but nowhere in its complaint does it allege that Hospira, Inc. "dominated" Hospira Worldwide in order to perpetrate a fraud on GSK or that this purported fraud was the cause of GSK's alleged injury.

*Hospira Worldwide, Inc.*: GSK's quasi-contractual claims against Hospira Worldwide for promissory estoppel (Count II) and quantum meruit/unjust enrichment (Count III) should also be dismissed. As discussed above, New York law precludes quasi-contractual recovery for events arising out of the same subject matter of a written

**TABET | DIVITO | ROTHSTEIN**

Hon. P. Kevin Castel
March 22, 2013
Page 5

contract. *See, e.g., Air Atlanta Aero Engineering Ltd. v. SP Aircraft Owner I, LLC*, 637 F. Supp. 2d 185, 195-97 (S.D.N.Y. 2009) (holding that a plaintiff could not seek quasi-contractual relief in the alternative to its breach of contract claim because the plaintiff did not allege that the contract was invalid or unenforceable); *Crowley v. VisionMaker, LLC*, 512 F. Supp. 2d 144, 153-54 (S.D.N.Y. Sept. 25, 2007) (dismissing plaintiff's claims for promissory estoppel, quantum meruit, and unjust enrichment and finding "no question here that the Agreement between Plaintiff and VisionMaker is valid and enforceable – indeed, Plaintiff seeks to recover under the provisions of the Agreement").

GSK's claims for promissory estoppel, unjust enrichment, and quantum meruit should be dismissed for the additional reason that they are redundant of its breach of contract claim. *See Toledo Fund, LLC v. HSBC Bank USA, Nat'l Assoc.*, No. 11 Civ. 7686(KBF), 2012 WL 364045, at *5-6 (S.D.N.Y. Feb. 3, 2012) (dismissing redundant quasi-contractual claims); *Textiles Network Ltd. v. DMC Enters., LLC*, No. 07 Civ 393(DLC), 2007 WL 2460767, at *5 (S.D.N.Y. Aug. 31, 2007) (granting motion to dismiss plaintiff's unjust enrichment and promissory estoppel claims).

Here, GSK alleges that the Agreement is a valid and enforceable contract. (Compl. at ¶ 35.) Nonetheless, Counts II and III seek quasi-contractual relief for events that (a) arise out of the same subject matter as the contract, and (b) are redundant of its breach of contract claim. (*Compare* Compl. at ¶ 37 *with* Compl. at ¶¶ 43, 45, 47, 51, 55.) Accordingly, as numerous courts have previously held, they should be dismissed.

\* \* \* \*

In sum, this case does not belong in the Southern District of New York. Rather, it belongs in the Northern District of Illinois, where most of the witnesses are from, where most of the documents are located and where most of the operative facts occurred. In the alternative, in the event the Court denies this transfer request, defendants will respectfully request that the Court: (a) dismiss the Complaint (Counts I-III) with prejudice as it relates to Hospira, Inc.; and (b) dismiss Counts II and III with prejudice as they relate to Hospira Worldwide.

Very truly yours,

Christopher D. Liguori
(*Pro Hac Vice* Admission Pending)

cc: Jyotin Hamid, Esq. (via email)